O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIMUNDO CORPORATION, a Florida corporation, ) ) | Case No. CV 10-07011 DDP (JCGx) |
| ) Plaintiff, ) ) v. ) ) GARTH HUMBERT, an ) individual; and ENLINE, ) INC., a California ) corporation doing business ) as MAY, ) ) Defendants. ) _____ ) | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

    Presently before the court is Defendants' Motion to Dismiss. Having considered the submissions of the parties, the court grants the motion and adopts the following order.

**I. Background**

    As described in this court's earlier orders, Plaintiff seeks to develop a media broadcasting network on the internet. In May 2010, Plaintiff hired Defendant Garth Humbert ("Humbert") to provide technical services in connection with development of its web site as an independent contractor. By June, 2010, the parties'

working relationship had broken down. Plaintiff alleges that Humbert breached the work agreement and, on June 8, 2010, hijacked Plaintiff's website by moving the website to a new server, to which Plaintiff did not have access.

Plaintiff filed a First Amended Complaint ("FAC") on January 10, 2011. Defendants now move to dismiss the FAC.

**II. Discussion**

The parties entered into a Confidential Retainer Agreement ("the Agreement"). (FAC ¶ 10). The Agreement contains a forum selection clause. Section 28(c) of the Agreement states "In the event of arbitration or litigation to enforce all or any part of this Agreement any arbitration or litigation shall be carried out in the County of San Diego, State of California." (Exhibit 1 to FAC). Defendants argue that this case should be dismissed under Federal Rule of Civil Procedure 12(b)(3) because venue in this court is improper. (Motion to Dismiss at 9). The court agrees.

"A forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground" on which a forum selection clause should not be enforced. Doe 1 v. AOL LLC, 552 F.3d 1077, 1083 (9th Cir. 2009). A forum selection clause will be held unenforceable "if enforcement would contravene a strong public policy of the forum in which suit is brought." Id. (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 17 (1972).

Here, Plaintiff argues in its opposition that defendants are citizens and residents of this district, that Plaintiff is a resident of this district, and that, therefore, venue is proper in this district. (Plaintiff's Opposition at 11). In light of

2

Section 28(c) of the Agreement, however, Plaintiff's burden is not to demonstrate that venue would be proper absent the forum selection clause, but rather to show that the forum selection clause is invalid or unenforceable. Plaintiff has not met this burden.[1] Accordingly, the Agreement's forum selection clause is enforceable.

### III. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED.[2] In addition, the Motion to Withdraw (docket number 58) is vacated as moot.

IT IS SO ORDERED.

Dated: August 22, 2011

DEAN D. PREGERSON
United States District Judge

---

[1] This court need not decide whether federal or California law applies to the forum selection clause. Even under California law, forum selection clauses are presumptively valid "in the absence of a showing that enforcement of such a clause would be unreasonable." Miller-Leigh LLC v. Henson, 152 Cal.App.4th 1143, 1149 (2007). Plaintiff has made no such showing.

[2] Having granted Defendants' Motion under Federal Rule of Civil Procedure 12(b)(3), the court does not address Defendants' arguments under Rule 12(b)(6).

3